E-FILED
Thursday, 10 November, 2011  02:16:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROY MILLER,
          Plaintiff,

                                  11-1150

     v.

SYLVIA MAHONE, et al.,
          Defendants.

**SUMMARY JUDGMENT ORDER**

      This cause is before the court for consideration of Defendants Dr. Sylvia Mahone and Warden Guy Pierce's motions for summary judgment. [d/e 29, 31]

## I. BACKGROUND

      The Plaintiff, a pro se prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center.  On May 17, 2011, the court conducted a merit review of the Plaintiff's complaint pursuant to 28 U.S.C. §1915A and found that the Plaintiff had adequately alleged that ten Defendants had violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.  *See* May 17, 2011 Text Order.  The Plaintiff alleged that the Defendants delayed emergency medical care on November 7 and 8 of 2009 which caused unnecessary pain and suffering.   The claim is against the Defendants in their individual and official capacities.

      Defendant Guy Pierce and Defendant Sylvia Mahone have each filed motions for summary judgement claiming the Plaintiff failed to exhaust administrative remedies as required pursuant to 42 U.S.C. §1997(e). [d/e 29, 31]

## II. FACTS

      The Plaintiff filed a grievance on November 11, 2009, complaining about staff conduct and medical treatment at Pontiac Correctional Center. (Comp., Ex. A, p. 1).   The Plaintiff states he returned to Pontiac after having surgery at the University of Illinois Medical Center on October 27, 2009.   The Plaintiff says the staff at Pontiac Correctional Center was given his discharge instructions and orders.

      The Plaintiff says he woke on November 7, 2009, at approximately 2:30 a.m. with blood coming from his mouth. (Comp, Ex. A, p. 2)   The Plaintiff then recounts that despite his repeated requests to numerous individuals, he was denied medical care until he was finally taken back to the hospital at about 10:15 a.m. (Comp., Ex. A, p. 1-2)   At the hospital, it was discovered that the Plaitniff was suffering from a post-operative hemmorage.  (Comp, Ex. A., p.

1).

The Administrative Review Board denied the Plaintiff's grievance, but noted that "Warden Pierce is to remind staff to adhere to Department policies and procedures for medical emergencies and act accordingly." (Comp., Ex. D).

### III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Ind. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.

### IV. ANALYSIS

Defendants Mahone and Pierce claim that the Plaintiff failed to exhaust his administrative remedies for any claim against them.  The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002).  If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

Exhaustion of administrative remedies is an affirmative defense.   Therefore, the burden of demonstrating a Plaintiff failed to exhaust his administrative remedies rests with the Defendants. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).  In addition, any factual disputes concerning exhaustion are to be resolved by the court, not a jury. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir.2008).

Defendant Medical Director Dr. Sylvia Mahone says the Illinois Department of

Corrections requires that a grievance must contain factual details including "what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill.Admin.Code §504.810(b). In Plaintiff's grievance, he states that after he had been bleeding from his mouth for hours, a nurse called Dr. Mahone who said to give the Plaintiff ice water and tell him to lie down. (Comp., Ex. A, p. 2). Dr.Mahone maintains this allegation "barely makes her a witness," and does not provide the details of the Plaintiff's claim against her as required by §504.810. (Def. Mot, p. 5)

The court disagrees. The Plaintiff maintains that after bleeding from the mouth for several hours, the Defendant was contacted. Dr. Mahone was aware of the Plaintiff's surgery, but the Plaintiff says she did not ask to see the Plaintiff, did not direct another doctor to exam the Plaintiff and did not order that he return to the hospital. The Plaintiff says he did not see a doctor until hours later when he was eventually taken to the hospital and it was discovered that he suffered from a post-operative hemorrhage. "The purpose of the exhaustion requirement is to allow prison and jail officials the time and opportunity to respond to complaints internally before an inmate starts litigation." *Brewer v. McCoy*, 2011 WL 5041197 at 2 (C.D.Ill. Oct. 24, 2011). "[T]he grievance is not a summons and complaint that initiates adversarial litigation." *Johnson v Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). The Plaintiff's grievance certainly puts Dr. Mahone on notice that the Plaintiff believes his medical care was unnecessarily delayed by Dr. Mahone's limited response to Plaintiff's condition. The Plaintiff's grievance is adequate. In the absence of any other argument by Dr. Mahone that Plaintiff otherwise failed to fully exhaust his administrative remedies, Defendant Dr. Mahone's motion for summary judgment is denied. [d/e 31]

Defendant Warden Guy Pierce says the Plaintiff did not exhaust his administrative remedies because the Warden is not specifically named in his grievance. The court notes that the Defendant makes no mention of the Seventh Circuit's decision in *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011) decided just a few days before the Defendant filed his motion. The Appellate Court noted that although the Illinois Administrative Code requires detail in grievances, this portion of the code became effective in 2003. The Plaintiff in *Maddox* had filed his grievance on a form dated 2001 which asked only for a "Brief Summary of Grievance." *Id*. at 721. This is the same form used by the Plaintiff in this case. In addition, the Seventh Circuit noted that failure to specifically name a Defendant "was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement." *Id* at 722 *citing Jones v. Bock*, 549 U.S.199, 219 (2007)(providing early notice to those who might later be sued has not been thought to be one of the leading purposes of the exhaustion requirement); *Johnson*, 385 F.3d at 522("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.") Giving the court's ruling in Maddox and the fact that the ARB's response specifically names the Warden, the court finds that the Plaintiff has exhausted his administrative remedies against Defendant Pierce. The motion for summary judgment is denied. [d/e 29]

**IT IS THEREFORE ORDERED that:**

3

**1) The Defendants motions for summary judgment are denied. [d/e 29, 31]**

**2) The court will abide by the scheduling deadlines set in its August 11, 2011 text order.**

Entered this 10th day of November, 2011.

**s/Joe Billy McDade**
_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE

4